UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WAYNE KERBER,

    Plaintiff,

v.　　　　　　　　　　**MEMORANDUM OF LAW & ORDER**
　　　　　　　　　　　　Civil File No. 18-907 (MJD/BRT)

CARVER COUNTY FARM SERVICE
AGENCY and UNITED STATES
DEPARTMENT OF AGRICULTURE,

    Defendants.

Wayne Kerber, pro se.

Chad A. Blumenfield, United States Attorney's Office, Counsel for Defendants.

## I.　INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss. [Docket No. 19] The Court heard oral argument on November 15, 2018. Plaintiff has not responded to the motion to dismiss and did not appear for oral argument.

## II.　BACKGROUND

### A.　Factual Background

According to Plaintiff's Statement of Claim:

1

On October 22, 2015, Defendant the Carver County Farm Service Agency entered into a Conservation Reserve Program contract with regard to farmland Plaintiff Wayne Kerber co-owns with his sibling. Plaintiff's sibling forged Plaintiff's signature on the contract and on other documents. Plaintiff asked the Carver County Farm Service Agency and Defendant the United States Department of Agriculture ("USDA") for information about the documents, but Defendants denied that Plaintiff's signature was forged and refused to give him access to information he requested. Plaintiff asserts that he was damaged by having to return the land that had been fraudulently enrolled in the Conservation Reserve Program to its original state as agricultural production land.

B.     **Procedural History**

On February 22, 2018, Plaintiff filed a Statement of Claim and Summons against the Carver County Farm Service Agency and the USDA in Minnesota Conciliation Court in the First Judicial District, Carver County. [Docket No. 1-1] He asserts that Defendants owe him $5,530 plus filing fees and costs of $85.

On March 30, 2018, Defendants removed the matter to this Court based on the fact that a United States agency is a defendant. [Docket No. 1] Defendants

now move to dismiss this matter based on lack of subject matter jurisdiction, failure to exhaust administrative remedies, or failure to state a claim.

III. DISCUSSION

   A. **Standard for Motion to Dismiss for Lack of Subject Matter Jurisdiction**

"Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide." Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). "Moreover, because jurisdiction is a threshold question, judicial economy demands that the issue be decided at the outset rather than deferring it until trial, as would occur with denial of a summary judgment motion." Id.

"In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citation omitted). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Id. In "a _factual_ attack on the jurisdictional allegations of the complaint, the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." Id.

In a factual challenge, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." Osborn, 918 F.2d at 730 (citation omitted).

## B. Sovereign Immunity

### 1. Sovereign Immunity Standard

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature. Indeed, the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." Id. (citation omitted).

"A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." Lane v. Pena, 518 U.S. 187, 192 (1996) (citation omitted). "To sue the United States, [the plaintiff] must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction." VS Ltd. P'ship v. Dept. of Housing & Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000). If sovereign immunity applies, the Court lacks subject

matter jurisdiction, and the matter must be dismissed without prejudice. Roth v. United States, 476 F. App'x 95, 95 (8th Cir. 2012).

**2. Discussion**

Both Defendants are protected by sovereign immunity. The Farm Service Agency ("FSA") is an agency within the USDA. See 7 U.S.C. § 6932(a). The FSA provides the personnel to carry out programs funded by USDA's Commodity Credit Corporation, including the Conservation Reserve Program. FSA delivers its programs, such as the Conservation Reserve Program, through a network of offices throughout the United States. FSA program delivery in Carver County, Minnesota, is done primarily through FSA's local office in Waconia, Minnesota, which is known as the Carver County FSA Office.

Plaintiff has failed to identify any applicable statute in which the USDA or FSA have waived sovereign immunity. See, e.g., Kriegel v. U.S. Dept. of Agric., No. 2:17-CV-00216-D-BP, 2018 WL 3598774, at *2 (N.D. Tex. June 29, 2018) (recommending dismissal of claims against USDA and FSA based on sovereign immunity, because "Plaintiff has not alleged or otherwise shown that Congress has waived the Defendants' sovereign immunity as to the claims asserted in his Complaint"), report and recommendation adopted, No. 2:17-CV-216-D, 2018 WL

5

3586401 (N.D. Tex. July 25, 2018) (dismissing claims against USDA and FSA). Even if Plaintiff's claim could be interpreted as a tort claim, because he has not claimed to have "file[d] an administrative claim with the USDA prior to initiating this lawsuit, the USDA's sovereign immunity is not waived; and any claims asserted against the USDA are barred by sovereign immunity." Rogers v. United States Dept. of Agric., No. 17-CV-2530 (WMW/TNL), 2018 WL 3574886, at *2 (D. Minn. July 25, 2018).[1]

Because the Court concludes that it does not have jurisdiction in this case, it does not reach Defendants' alternative motion to dismiss for failure to state a claim upon which relief can be granted.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

---

[1] Nor does it appear that Plaintiff is attempting to appeal an adverse decision by Defendants. Any such attempt would fail due to failure to exhaust administrative remedies. See 7 U.S.C. § 6912(e); 7 C.F.R. §§ 11.13(b), 780.6; Farmers & Merchants Bank of Eatonton, Ga. v. United States, 43 Fed. Cl. 38, 40 (1999). There is no claim that Plaintiff has pursued any administrative remedies in this matter. Nor is there any allegation of facts that would excuse Plaintiff's failure to pursue administrative remedies. See Barlett v. USDA, 716 F.3d 464, 472-77 (8th Cir. 2013); Ace Prop. & Cas. Ins. Co. v. Fed. Crop Ins. Corp., 440 F.3d 992, 999-1002 (8th Cir. 2006).

Defendants' Motion to Dismiss [Docket No. 19] is **GRANTED** and this matter is **DISMISSED WITHOUT PREJUDICE** based on sovereign immunity.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   December 11, 2018         <u>s/ Michael J. Davis</u>
                                   Michael J. Davis
                                   United States District Court